CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
03/30/2019
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

ROBERT G. HAMLETT,

         *Plaintiff*,

v.

NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,

         *Defendant*.

CASE NO. 6:17-cv-00050

**MEMORANDUM OPINION**

JUDGE NORMAN K. MOON

   This matter is before the Court on the parties' cross motions for summary judgment (dkts. 13, 16), the Report and Recommendation of United States Magistrate Judge Robert S. Ballou (dkt. 18, hereinafter "R&R"), and Plaintiff's Objections to the R&R (dkt. 19, hereinafter "Objections"). Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to Judge Ballou for proposed findings of fact and a recommended disposition. Judge Ballou's R&R advised this Court to deny Plaintiff's motion and grant the Commissioner's motion. Plaintiff timely filed his Objections, obligating the Court to undertake a *de novo* review of those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). Because Plaintiff's Objections lack merit, the R&R will be adopted in full.

### I. STANDARD OF REVIEW

   A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Bird v. Comm'r of SSA,* 669 F.3d 337, 340 (4th Cir. 2012). Substantial evidence requires more than a mere scintilla, but less than a preponderance, of

1

evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Where "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id*. A reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). "Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, even if the court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971).

## II. ANALYSIS

Because Plaintiff does not object to the R&R's recitation of the factual background and claim history in this case, I incorporate that portion of the R&R into this opinion. (*See* R&R at 2–6). By way of summary, Plaintiff applied for (and was denied) disability insurance benefits under the Social Security Act based on his Dupuytren's contracture, residuals of a gunshot wound, HIV, and mood disorder. (R&R at 2–3 (citing, *e.g.*, R21, 108–12, 120–26, 177–85)).[1] The ALJ concluded that Plaintiff is incapable of performing his past relevant work as a painter but nonetheless maintains the residual work capacity to perform unskilled work involving simple, routine tasks that do not require contact with the general public. (R24–25, 32–33; R&R at 3). Thus, the ALJ concluded that Plaintiff is not disabled. (R33; R&R at 3). Plaintiff

---

[1] The Court denotes citations to the administrative record as "R" followed by the page number.

requested that the Appeals Council review the ALJ's decision, but the Appeals Council denied his request for review. (R1–4; R&R at 3).

Plaintiff lodges three objections to the R&R. First, he contends that the ALJ's decision regarding the weight of his treating physician's opinions is not supported by substantial evidence. (Objections at 2). Second, he argues that the ALJ's assessment of his allegations regarding his limitations is not supported by substantial evidence. (*Id.* at 9–10). Third, he contends that the ALJ failed to present a proper hypothetical question to the vocational expert. (*Id.* at 8).

At the outset, the Court notes that Plaintiff's objections are, in essence, the same arguments he presented to Judge Ballou. Fed. R. Civ. P. 72(b) requires parties to object to a magistrate judge's findings and recommendations "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "Rehashing arguments raised before the magistrate judge does not comply" with this requirement. *Sandra L. v. Berryhill*, No. 7:17-cv-00417, 2019 WL 1140238, at *2 (W.D. Va. Mar. 12, 2019). "Indeed, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation" that have the same effect as a failure to object. *Id.* (citing *Veney v. Astrue*, 539 F.Supp.2d 841, 844–45 (W.D. Va. 2008)). Here, although largely recycling arguments Judge Ballou already considered, Plaintiff added some limited specific critiques of the R&R. Accordingly, out of an abundance of caution, the Court will undertake a *de novo* review of Plaintiff's objections to the R&R.

3

### A. Treating Physician's Opinion

Plaintiff first objects that the ALJ failed to properly weigh the medical opinion evidence by giving little weight to the opinions of his treating physician, Dr. James W. Gallagher. (Objections at 2). In a September 30, 2015 opinion, Dr. Gallagher wrote that Plaintiff "is unable to work due to his medical conditions and medications he is currently taking." (R883). In a December 9, 2015 opinion, Dr. Gallagher noted on a mental impairment questionnaire that Plaintiff suffers from various symptoms, including paranoia and hallucinations, and determined that Plaintiff was likely to be absent from work more than three times a month due to his impairments. (R884–888). The ALJ gave these opinions little weight and afforded great weight to the state's physicians and psychiatrists. (R29–30).

"When evaluating conflicting medical opinion evidence, an ALJ generally must accord more weight to the medical opinion of an examining source than to that of a nonexamining source." *Testamark v. Berryhill*, 736 F. App'x 395, 397 (4th Cir. 2018) (citing 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1) and *Brown v. Commissioner of S.S.A.*, 873 F.3d 251 (4th Cir. 2017)). "[T]he ALJ is required to give controlling weight to opinions proffered by a claimant's treating [sources] so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the claimant's case record." *Id*. at 397–98 (citing *Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017)).

If the ALJ declines to give controlling weight to a treating source's opinion, "the ALJ must consider a nonexclusive list of factors to determine the weight to be given all medical opinions of record: (1) examining relationship; (2) treatment relationship; (3) supportability of the source's opinion; (4) consistency of the opinion with the record; and (5) specialization of the

source." *Id*. at 398 (citing 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6) and *Brown*, 873 F.3d at 268). The ALJ "must include a narrative discussion describing how the evidence supports [her] explanation of the varying degrees of weight [s]he gave to differing opinions concerning the claimant's conditions and limitations." *Id*. (citing *Woods v. Berryhill*, 888 F.3d 686, 695 (4th Cir. 2018)). An ALJ may "credit the opinion of a nontreating and nonexamining source if that opinion provides 'sufficient indicia of supportability in the form of a high-quality explanation for the opinion and a significant amount of substantiating evidence, particularly medical signs and laboratory findings; consistency between the opinion and the record as a whole; and specialization in the subject matter of the opinion.'" *Id*. (quoting *Woods*, 888 F.3d at 695).

Plaintiff presents several arguments in support of this objection, all of which are without merit. First, Plaintiff contends that the ALJ impermissibly substituted her lay judgment by "ignor[ing] the evidence supporting disability while relying on other normal findings in the record that are not determinative of disability." (Objections at 4). Specifically, Plaintiff argues that the ALJ simply "pluck[ed] out some normal mental status findings from the record" in finding that Dr. Gallagher's opinions were "unsupported by 'objective' medical evidence." (*Id*. at 2). Having reviewed the ALJ's discussion of Dr. Gallagher's opinions *de novo*, the Court finds no merit in Plaintiff's contention that the ALJ impermissibly substituted her lay opinions for the judgment of medical professionals. Plaintiff points to no specific place in the ALJ's opinion, and the Court finds no such place, where the ALJ inappropriately "relied on [her] own observations and medical judgments" in evaluating what weight to give Dr. Gallagher's opinions. *Brown*, 873 F.3d at 271. Rather, the ALJ grounded her analysis of Dr. Gallagher's opinions in the objective medical evidence in the record. (R29). Moreover, this is not a case where the ALJ "simply cherrypick[ed] facts that support of finding of nondisability while

5

ignoring evidence that points to a disability finding." *Lewis*, 858 F.3d at 869. After considering Plaintiff's impairments (including his mood disorder and other mental impairments), (R21, 23), the ALJ considered Dr. Gallagher's opinions in light of the available medical evidence, including Dr. Gallagher's own treatment notes. (R29).

Second, Plaintiff takes issue with Judge Ballou's conclusion that "the ALJ did not err by giving little weight to Dr. Gallagher's opinions based in part on Mr. Hamlett's daily activities." (Objections at 5). Specifically, Plaintiff objects to the ALJ's mention of his testimony that he "would watch old movies on TV for most of the day" in her explanation of why she gave Dr. Gallagher's opinions little weight. (R29). The ALJ mentioned this portion of Plaintiff's testimony only briefly during her discussion of Dr. Gallagher's December 9, 2015 opinion. Indeed, the ALJ's primary focus in the paragraph at issue is her conclusion that Dr. Gallagher's own treatment notes contradict his December 9, 2015 opinion. (R29). An ALJ is not categorically forbidden from referencing a claimant's testimony about his daily activities in assessing what weight to give a treating physician's opinion. To the contrary, in declining to give a treating physician's opinion great weight, an ALJ must consider the "supportability of the source's opinion" and the "consistency of the opinion with the record," which includes a claimant's relevant testimony about daily activities. *Testamark*, 736 F. App'x at 398. *See also Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005) (upholding ALJ's consideration of plaintiff's "testimony of her routine activities" when evaluating the plaintiff's credibility); *Mayhew v. Berryhill*, No. 6:17-cv-00047, 2018 WL 4655751, at *2–3 (W.D. Va. Sept. 27, 2018) (finding ALJ's decision regarding weight of treating physician supported by substantial evidence where ALJ considered plaintiff's daily activities).

Third, Plaintiff argues that Judge Ballou incorrectly determined that the "ALJ did not err by giving great weigh to opinions from non-examining state agency psychologists because the ALJ found those opinions were supported by the available 'objective' medical evidence." (Objections at 6). Plaintiff contends that the ALJ failed to explain her conclusion that the objective medical evidence "was more aligned with the non-examining" sources' opinions than with Dr. Gallagher's opinions. (*Id*. at 7). To be sure, an ALJ is "faithless" to 20 C.F.R. § 426.927(c) and § 404.1527(c)'s "treating physician rule" if she simply defers to non-treating sources while dismissing the opinions of treating physicians without an adequate justification and explanation. *Brown*, 873 F.3d at 268. In crediting non-treating sources over the opinions of a treating physician, the ALJ must "indicate *why* the [non-treating] opinions merit that weight." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (emphasis in original). To "totally—and without explanation—reject the opinions" of a treating physician "in favor of the state medical examiners . . . raises red flags." *Id*. at 295–96. "An ALJ may, however, credit the opinion of a non-treating, non-examining source where that opinion has sufficient indicia of supportability in the form of a high-quality explanation for the opinion and a significant amount of substantiating evidence, particularly medical signs and laboratory findings; consistency between the opinion and the record as a whole; and specialization in the subject matter of the opinion." *Woods*, 888 F.3d at 695 (internal quotations omitted).

Here, in giving Dr. Gallagher's opinion little weight, the ALJ explained her assessment of the evidence thoroughly, noting that Dr. Gallagher's September 30, 2015 and December 9, 2015 opinions were not supported by the entire record and, notably, were contradicted by portions of Dr. Gallagher's own notes and records. (R29). Moreover, in giving great weight to the opinions of Dr. Linda Dougherty and Dr. Sandra Francis, the state's psychiatrists, the ALJ noted evidence

that would support a finding of disability, including Plaintiff's reports to Dr. Gallagher and the state's psychiatrists that he avoided people, did not socialize, had problems getting along with others, and had poor memory and problems with concentration. (R30). The ALJ then noted medical evidence in the record that, in her view, undermined these reports, including evidence from Dr. Gallagher's records. (R30). *See Woods*, 888 F.3d at 695 (noting that an ALJ can credit a non-treating source's opinion where it has "sufficient indicia of supportability" and there is "consistency between the opinion and the record as a whole"). Given the ALJ's thorough explanation of the varying weight afforded the medical opinions of record, this is not a case where the ALJ "totally—and without explanation—reject[ed] the opinions" of a treating physician "in favor of the state medical examiners." *Radford*, 734 F.3d at 295–96. It is not for this Court to "re-weigh conflicting evidence" or "substitute [its] judgment" for that of the ALJ. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted).

Fourth, Plaintiff contends that the ALJ erred by failing to discuss the factors listed in 20 C.F.R. § 404.1527(c) and § 416.927(c) after according less than controlling weight to Dr. Gallagher's opinions. (Objections at 9). Plaintiff cites *Testamark*, 736 F. App'x at 399, for the proposition that an ALJ's failure to consider those factors constitutes reversible error. This argument fails. Although the ALJ did not explicitly reference the § 404.1527(c) and § 416.927(c) factors by name, she considered most of them in substance, assessing the "supportability of the [Dr. Gallagher's] opinion[s]" and "the consistency of the opinion[s] with the record" as described above, and alluding to Dr. Gallagher's examination of and "treatment relationship" with Plaintiff by substantively considering his treatment notes throughout her opinion and by noting Dr. Gallagher's statement that Plaintiff's "condition dates back to May 1, 2013." (R29). The ALJ did not explicitly note Dr. Gallagher's specialty. *See* 20 C.F.R. §

8

404.1527(c)(5). But given that the ALJ did not simply provide a "perfunctory rationale when weighing" Dr. Gallagher's opinions, and given that the ALJ did in essence "explain how [the § 404.1527(c) and § 416.927(c)] factors supported her decision to accord the opinions" of Dr. Gallagher little weight, her failure to explicitly discuss each factor by name does not "itself require[] remand." *Testamark*, 736 F. App'x at 399.

In sum, having reviewed *de novo* the ALJ's decision to afford Dr. Gallagher's opinions little weight, the Court finds that the ALJ's decision with respect to Dr. Gallagher's opinions was supported by substantial evidence. (R29–30). In affording Dr. Gallagher's opinions little weight, the ALJ "*both* identif[ied] evidence that supports [her] conclusion *and* buil[t] an accurate and logical bridge from that evidence to [her] conclusion." *Testamark*, 736 F. App'x at 397 (emphasis in original). "It is not for this Court to reweigh the evidence, and, because a reasonable mind could accept the rationale offered by the ALJ" with respect to Dr. Gallagher's opinions, "this Court must defer to [her] decision." *Mayhew*, 2018 WL, at *3. Accordingly, Plaintiff's objection to the ALJ's treatment of Dr. Gallagher's opinion will be overruled.

### B. Plaintiff's Testimony

In a sparse objection, Plaintiff argues that the ALJ's assessment of his own allegations regarding his limitations is not supported by substantial evidence, and that the ALJ relied on a selective reading of the record to discount his testimony. (Objections at 9).

"[W]hether a person is disabled by pain or other symptoms is a two-step process. First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." *Dunn v. Colvin*, 607 F. App'x 264, 272 (4th Cir. 2015) (quoting *Craig*, 76 F.3d at 594). Second, "the ALJ must evaluate

9

'the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." *Id.* (quoting *Craig*, 76 F.3d at 585). "This evaluation must take into account not only the claimant's statements about [his] pain, but also 'all the available evidence,' including the claimant's medical history, medical signs, and laboratory findings, [and] any objective medical evidence of pain." *Id.* The ALJ must also take into account "any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." *Id.* See also 20 C.F.R. §§ 416.929(a) & 404.1529(a) (delineating same two-step process).

Having conducted a *de novo* review of the portion of the ALJ's decision discussing Plaintiff's testimony about his limitations, the Court finds that the ALJ complied with this two-step procedure. After recounting and considering the available medical evidence, (R25–27), the ALJ first concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (R27). Next, the ALJ "evaluate[d] the intensity and persistence" of Plaintiff's symptoms in light of his own statements and the available medical evidence. (R27–28). Specifically, the ALJ noted that Plaintiff's testimony about "getting along with others, and his trouble with his memory, concentration, and completing tasks" was not supported by observations in Dr. Gallagher's records that Plaintiff's recall, attention span, ability to concentrate, and judgment in social situations were intact, normal, and appropriate. (R27). The ALJ similarly noted that Plaintiff's testimony about his "problems with walking for a long time, lifting, carrying, reaching, [and] standing" were not supported by medical evidence. (R27–28 (citing treatment records from Medical Associates of Central Virginia, Dr. Gallagher, and a function report filled out by Plaintiff for this conclusion). Finally, the ALJ also evaluated Plaintiff's testimony about his limitations against the available opinion evidence. (R28–30).

10

Here again, the Court declines Plaintiff's tacit invitation to "reweigh conflicting evidence, make credibility determinations, [and]substitute [its] judgment for that of the [ALJ]," and finds the ALJ's analysis of Plaintiff's subjective complaints about his limitations supported by substantial evidence and an adequate explanation. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, Plaintiff's objection will be overruled.

C.  **Vocational Expert Testimony**

Finally, in another sparse objection, Plaintiff contends that the ALJ relied on flawed vocational expert testimony. (Objections at 10–11). The ALJ asked the vocational expert if jobs existed in the national economy for an individual who can perform "unskilled work and an SVP of 1 or 2 involving simple, routine tasks that generally involve things instead of people, and no contact with the general public." (R61). The expert responded that such jobs did exist, including housekeeper, merchandise maker, and routing clerk. (*Id*.).

Relying on *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), Plaintiff argues that the ALJ failed to present a proper hypothetical question to the expert because the question did not account for limitations regarding Plaintiff's moderate impairment with social functioning and concentration, persistence, or pace. The Fourth Circuit encountered a similar argument in *Mascio,* 780 F.3d at 638, but noted that because the "ALJ's hypothetical . . . matched the ALJ's finding regarding Mascio's residual functional capacity," the "hypothetical was incomplete only if the ALJ failed to account for a relevant factor when determining Mascio's residual functional capacity." The Court held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* However, the Court noted that an explanation "why [a claimant's] moderate limitation in concentration, persistence, or pace at step three does not translate into a

11

limitation in [the claimant's] residual functional capacity" could cure this defect. *Id*. "But because the ALJ" in *Mascio* "gave no [such] explanation, remand [was] in order." *Id*. Here, Plaintiff contends that while the ALJ "explained why she did not find limitations in" Plaintiff's "ability to maintain a particular pace, she still violated *Mascio* by not explaining how the moderate limitation in persistence on tasks impact [his] capacity to work." (Objections at 11).

Plaintiff's objection fails. Unlike in *Mascio*, the ALJ here provided an explanation why Plaintiff's "moderate difficulties" with concentration and persistence, as well as his "mild limitations" with pace, (R23), did "not translate into a limitation in [his] residual functional capacity." *Mascio*, 780 F.3d at 638. In step three, the ALJ found Plaintiff's difficulties with concentration and persistence to be "moderate," and found his difficulties with pace to be "mild." (R23). The ALJ then noted Plaintiff's descriptions of his limitations and discussed various medical records that undermined those subjective descriptions. (R243–24). Later, in determining Plaintiff's residual functional capacity, the ALJ explained her conclusion that Plaintiff's "alleged problems . . . with his memory, concentration, and completing tasks" was not supported by the record, citing, among other records, Dr. Gallagher's treatment notes reporting that Plaintiff's "ability to recall" was intact and his "attention span and ability to concentrate were normal." (R27).

Because this is not a case where the ALJ "gave *no* explanation" why Plaintiff's moderate limitations in concentration and persistence and mild limitations with pace do "not translate into a limitation in [his] residual functional capacity," remand is not required. *Mascio*, 780 F.3d at 638 (emphasis added). The objection will be overruled.

### III. CONCLUSION

After undertaking a *de novo* review of those portions of the R&R to which Plaintiff objected, I find that substantial evidence supports the ALJ's conclusions. Accordingly, I will enter an order

overruling Plaintiff's objections, (dkt. 19), adopting the R&R, (dkt. 18), granting the Defendant's Motion for Summary Judgment, (dkt. 16), denying Plaintiff's Motion for Summary Judgment, (dkt. 13), and dismissing and striking this action from the Court's active docket.[2]

Entered this 30th day of March, 2019.

*Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's motion to waive oral argument, (dkt. 14), remains pending and will be denied as moot.